UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

EDGAR SOTO JR., FLORA SOTO and EDGAR
SOTO SR.,

                Plaintiffs,

    -against-

THE CITY OF NEW YORK, POLICE
OFFICER BRIAN SANTIAGO SHIELD #
16132, POLICE OFFICER ANGEL TORRES
SHIELD # 3631, SGT TIMOTHY
McLAUGHLIN SHIELD # 4513, POLICE
OFFICER RAUL MERA, SHIELD # 27586,
POLICE OFFICER VALERIE GREENE,
SHIELD # 19560, POLICE OFFICE JULIAN
COCIANGA SHIELD # 18307, POLICE
OFFICER AGUSTIN MELENDEZ, SHIELD #
28869 and POLICE OFFICER FRANCIS
LEVELLE SHIELD # 14896 all of the 19th PCT
and all in their capacity as individuals,

                Defendants.

------------------------------------------------------------X

12 cv 6911 Judge Abrams

**SECOND AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

      Plaintiffs, by their attorney, Fred Lichtmacher of The Law Office of Fred Lichtmacher P.C., complaining of the defendants herein, respectfully allege as follows:

### JURISDICTION AND VENUE

      1.     This action arises under 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the United States Constitution. Subject matter jurisdiction is conferred by 28 U.S.C. §1331 and §1343 (a)(3 & 4). Plaintiffs also assert supplemental jurisdiction under 28 U.S.C. §1367 and request that this Court hear and decide their State common law claims.

      2.     Under 28 U.S.C. §1391(b)(2), venue is proper in the Southern District of New York because events forming the basis of the Complaint occurred in that District.

### PARTIES

3. At all times relevant, plaintiff EDGAR SOTO JR. was and still is a resident of New York County in the City and State of New York. He is an Hispanic male and the son of plaintiffs Flora Soto and Edgar Soto Sr.

4. At all times relevant, plaintiff FLORA SOTO was and still is a resident of New York County in the City and State of New York. She is an Hispanic female, the mother of Edgar Soto Jr., and the wife of plaintiff Edgar Soto Sr.

5. At all times relevant, plaintiff EDGAR SOTO SR. was and still is a resident of New York County in the City and State of New York. He is an Hispanic male, the father of plaintiff Edgar Soto Jr., and the husband of plaintiff Flora Soto.

6. Defendant CITY OF NEW YORK is a Municipal Corporation within New York State. Pursuant to §431 of its Charter, the City of New York has established and maintains the New York City Department of Police as a constituent department or agency. At all times relevant, the City of New York employed the defendant Police Officers more fully identified below.

7. Defendant Police Officers BRIAN SANTIAGO SHIELD # 16132, ANGEL TORRES SHIELD # 3631, SGT TIMOTHY McLAUGHLIN SHIELD # 4513, RAUL MERA, SHIELD # 27586, VALERIE GREENE, SHIELD # 19560, JULIAN COCIANGA SHIELD # 18307, AGUSTIN MELENDEZ, SHIELD # 28869 and FRANCIS LEVELLE SHIELD # 14896 all of the 19th pct and all in their capacity as individuals (the individual defendants), were at all times relevant duly appointed and acting as employees of the New York City Police Department and assigned to the 19th Precinct. Defendants Santiago, Torres, Levelle and Unidentified Police Officers are liable for directly participating and/or failing to intervene to prevent the acts described herein and are sued in their individual capacities.

8. The individual Defendants were agents, servants and employees acting within the scope of their employment by defendant City of New York.

9. At all times relevant, the individual defendants were acting in their capacities as state actors under color of state law.

## NOTICE OF CLAIM

10. On or about June 4, 2012, and within ninety days after the claims arose, plaintiff EDGAR SOTO JR. filed a Notice of Claim upon defendant the City of New York by delivering copies thereof to the person designated by law as a person to whom such claims may be served.

11. Plaintiff Edgar Soto Jr.'s Notice of Claim was never acknowledged and plaintiff petitioned the New York State Supreme Court for permission to file a late Notice of Claim.

12. On January 14, 2013, plaintiff's application was granted, *nunc pro tunc* by Honorable Judge Geoffrey Wright of the New York County, New York State Supreme Court, to be deemed filed as of August 1, 2012, i.e., timely as to all of plaintiff Edgar Soto Jr.'s state claims.

13. On or about May 31, 2012, and within ninety days after the claims arose, plaintiff FLORA SOTO filed a Notice of Claim upon defendant the City of New York by delivering copies thereof to the person designated by law as a person to whom such claims may be served.

14. On or about June 1, 2012, and within ninety days after the claims arose, plaintiff EDGAR SOTO SR. filed a Notice of Claim upon defendant the City of New York by delivering copies thereof to the person designated by law as a person to whom such claims may be served.

15. The Notices of Claim were in writing and sworn to by the plaintiffs, and contained the name and post office address of the plaintiffs and their attorney.

16.     The Notices of Claim set out the nature of the claims, the time when, the place where and manner by which the claims arose, and damage and injuries claimed to have been sustained.

17.     Plaintiff EDGAR SOTO SR.'s testimony was taken on July 6, 2012 pursuant to General Municipal Law §50-h.

18.     Plaintiff FLORA SOTO's testimony was taken on July 6, 2012 pursuant to General Municipal Law §50-h.

19.     To date, EDGAR SOTO JR.'s testimony pursuant to General Municipal Law §50-h has not been noticed or taken despite plaintiffs' counsel giving written notice to the Comptroller after the criminal charges against him were dismissed that Edgar Soto Jr. was available to testify.

20.     More than thirty days have elapsed since the service of the aforementioned Notices of Claim and adjustments or payments thereof have been neglected or refused.

21.     This action was commenced within one year and ninety days after the happening of the events upon which the claims are based.

## FACTS UNDERLYING
## PLAINTIFFS' CLAIMS FOR RELIEF

22.     On May 7, 2012 at around 2:00 p.m., the individual defendants were summoned to plaintiffs' home on the sixth floor of 408 East 65th Street in Manhattan.

23.     Plaintiff Edgar Soto Jr. was depressed and was in the hallway outside of his home and holding a knife to his own head while threatening suicide.

24.     Plaintiff Flora Soto was also in the hallway, talking to her son and facing him while convincing him to put the knife down.

25.     The individual defendants ran up the stairs to the sixth floor and yelled at Edgar Soto Jr. to put the knife down.

26.     Individual defendants were approximately twelve to thirteen feet away from the two plaintiffs at the landing to the sixth floor.

27. Flora Soto told the individual defendants to let her talk to Edgar Soto Jr. and she did so.

28. Flora Soto convinced Edgar Soto Jr. to put the knife down, which at all times had been pointed at his own head.

29. As Edgar Soto Jr. lowered the knife, the police began shooting at him and his mother, Flora Soto.

30. Edgar Soto Jr. had his right testicle blown off and a bullet went completely through him from his left side and came out his back. He fell to the floor.

31. Flora Soto was shot and hit with bullets or bullet fragments in the back and in her derriere.

32. After Flora Soto and Edgar Soto Jr. were shot, a defendant supervising officer ran towards the two plaintiffs and tasered them both.

33. Subsequently, individual defendants began kicking and punching Edgar Soto Jr. as he lay on the floor writhing in agony.

34. Defendants struck Edgar Soto Jr. in the back of the head, forcing his chin to strike the ground and causing him further injury.

35. As Flora Soto pleaded with the officers to stop beating her son, who was on the floor in pain and holding his private parts, individual defendants pushed Flora Soto into her apartment, which was only feet away, and held the door closed as they continued to beat her son.

36. Subsequently, despite that Edgar Soto Jr. was already grievously injured and not resisting arrest nor threatening the individual defendants, Edgar Soto Jr. was shot again, this time in the back. The bullet lodged in his spinal canal.

37. An ambulance was summoned and Edgar Soto Jr. was placed in handcuffs and removed to New York Presbyterian Hospital by EMS workers.

38. After Flora Soto was shot, individual defendants denied that she was shot, insisted she did not need medical attention, and refused to get her medical attention. As a result, she had to make her way unassisted down the six flights of stairs to the street where she finally was able to receive medical care.

39. Descending six flights of stairs while suffering with bullet wounds exacerbated Flora Soto's considerable pain and suffering, and, upon information and belief, worsened her physical and emotional injuries.

40. When Flora Soto reached the first floor, E.M.S. workers observed her, commented on her physical condition, and removed her to New York Presbyterian Hospital.

41. After Flora Soto was brought to the hospital, members of the N.Y.P.D. interrogated her twice while she was in substantial pain, and illegally seized her property, including her cell phone.

42. Despite having not committed any crimes, Edgar Soto Jr. was charged with Attempted Murder in the 1st degree (PL110/125.27, an A Felony), Attempted Murder in the 2nd degree (PL110/125.25, a B Felony), Menacing a police officer (PL 120.18, a D Felony), four counts of Assault in the 1st degree with intent to cause serious injury with a weapon (PL120.10, a B Felony), two counts of Assault in the 2nd degree with intent to cause serious injury with a weapon (PL 120.05, a D Felony), and three Counts of Criminal Possession of a weapon in the 4th degree with intent to use (PL265.01, an A Misdemeanor).

43. Edgar Soto Jr. committed none of the criminal charges.

44. Edgar Soto remained hospitalized for over three months.

45. Beginning on May 7, 2012 Edgar Soto Jr. was handcuffed and in custody within New York Presbyterian Hospital until May 26, 2012 when his bail was paid. After his bail was paid he remained hospitalized but no longer in handcuffs.

46. He lost a testicle, for a substantial time he was unable to walk unassisted, and he now walks with a cane and he is otherwise severely physically limited and emotionally harmed.

47. Soto Jr. spent considerable time in a wheelchair and he is still receiving physical therapy on an ongoing basis.

48. After the shooting Flora Soto was hospitalized for several days and she received physical therapy and to the present date, the bullets within her have not been able to be removed.

49. The individual defendants, at all times relevant, acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to plaintiffs' rights and physical and mental well-being.

50. On December 12, 2013, all of the false criminal charges brought against Soto Jr., were dismissed with prejudice, on the motion of the New York County District Attorneys' Office, at which time the DA stated in open court, in sum and substance, that the allegations in the criminal complaint were not supported by the evidence.

**FIRST CLAIM FOR RELIEF ON BEHALF OF
PLAINTIFFS EDGAR SOTO JR. AND FLORA SOTO
FOR USE OF UNREASONABLE AND DEADLY FORCE IN VIOLATION
OF THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION**

51. Plaintiffs repeat the allegations contained in the prior paragraphs as if fully stated herein.

52. By reason of the forgoing, the individual defendants violated plaintiffs Edgar Soto Jr and Flora Soto's rights under the Fourth and Fourteenth Amendments to the United States Constitution, including their right to be free from unreasonable and deadly force.

53. Individual defendants shot the plaintiffs multiple times. Flora Soto was shot in the back as well as in her derriere. Individual defendants shot Edgar Soto in his back,

left side of his torso, and testicle without justification and without the need to use any force much less the deadly force they employed.

54. One individual defendant supervisor SGT TIMOTHY McLAUGHLIN SHIELD # 4513, tasered Flora Soto and Edgar Soto Jr. after they were shot and despite there being no legal justification to use any force against them.

55. Individual defendants subjected Edgar Soto Jr. to additional acts of excessive force: they kicked and beat him as he lay on the ground after being shot, with no reason to use any force much less the extreme force they used against a man who had not committed a crime and who had been shot multiple times.

56. At no time did any of the individual defendants intervene to prevent or end the misconduct to which Edgar Soto Jr. and his mother were subjected.

57. The individual defendants failed to intervene to prevent the shootings of the plaintiffs.

58. The individual defendants failed to intervene to prevent the taserings of the plaintiffs.

59. The individual defendants failed to intervene to prevent the beating of Edgar Soto Jr.

60. The individual defendants' acts and omissions caused plaintiffs to sustain physical, emotional and financial injuries, including permanent and non-permanent physical injuries.

61. Edgar Soto was struck with three bullets, lost his right testicle, and has extreme weakness and loss of much of the use of his right leg. He was wheel chair bound for a substantial period of time and now walks with difficulty. A bullet fragment was lodged inside his spinal canal in the lumbar spine with a destroyed L4 pedicel on the right. His mandible was injured. He has undergone multiple surgical procedures and upon information and belief he will have to endure additional surgical procedures. He endured and is enduring extreme pain and

suffering and loss of bodily function, the extent of which is still to be determined. He was catheterized and was incontinent for an extended period of time and he has other substantial permanent injuries.

62. Flora Soto was struck with bullets and/or bullet fragments to the rear of her body. She was tasered. She was hospitalized and underwent surgical procedures and upon information and belief she may have to endure additional surgical procedures. She endured and is still enduring physical pain and emotional trauma. She has incurred medical bills and has lost work. She has undergone physical therapy. Her relationship with her husband has been adversely effected by her physical limitations.

63. By reason of the aforesaid, the plaintiffs have been damaged and are entitled to compensatory and punitive damages.

### SECOND CLAIM FOR RELIEF ON BEHALF OF PLAINTIFFS EDGAR SOTO JR. AND FLORA SOTO FOR BATTERY

64. Plaintiffs repeat the allegations contained in the prior paragraphs as if fully stated herein.

65. Defendant City of New York is vicariously liable to the plaintiffs for the individual defendants' common law torts via the principle of *respondeat superior*.

66. New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

67. By the actions described above, plaintiffs Edgar Soto Jr. and Flora Soto were, without consent, intentionally touched in a harmful and offensive manner.

68. Edgar Soto was struck with three bullets, lost his right testicle, and has extreme weakness and loss of much of the use of his right leg. He was wheel chair bound for a substantial period of time and now walks with difficulty. A bullet fragment was lodged inside his spinal canal in the lumbar spine with a destroyed L4 pedicel on the right. His mandible was injured. He has undergone multiple surgical procedures and upon information and belief he will

have to endure additional surgical procedures. He endured and is enduring extreme pain and suffering and loss of bodily function, the extent of which is still to be determined. He was catheterized and was incontinent for an extended period of time and he has other substantial permanent injuries.

      69. Flora Soto was struck with bullets and/or bullet fragments to the rear of her body. She was tasered. She was hospitalized and underwent surgical procedures and upon information and belief she may have to endure additional surgical procedures. She endured and is still enduring physical pain and emotional trauma. She has incurred medical bills and has lost work. She has undergone physical therapy. Her relationship with her husband has been adversely effected by her physical limitations.

      70. By reason of the aforesaid, the plaintiffs have been damaged and are entitled to compensatory damages.

### THIRD CLAIM FOR RELIEF ON BEHALF OF PLAINTIFFS EDGAR SOTO JR. AND FLORA SOTO FOR ASSAULT

      71. Plaintiffs repeat the allegations contained in the prior paragraphs as if fully stated herein.

      72. By the actions described above, plaintiffs Edgar Soto Jr. and Flora Soto were intentionally placed in apprehension of imminent harmful and offensive contact.

      73. By reason of actions described above, plaintiffs suffered fear, anxiety and various emotional harms and were otherwise damaged.

      74. By reason of the aforesaid, the plaintiffs have been damaged and are entitled to compensatory damages.

### FOURTH CLAIM FOR RELIEF ON BEHALF OF PLAINTIFFS EDGAR SOTO JR. AND FLORA SOTO FOR NEGLIGENT ENTRUSTMENT

75. Plaintiffs repeat the allegations contained in the prior paragraphs as if fully stated herein.

76. Plaintiffs' rights have been violated under the common law of the State of New York by defendant the City of New York via negligent entrustment.

77. Defendant the City of New York negligently entrusted the defendant officers in the instant matter with firearms and with a license to carry firearms.

78. Defendant the City of New York as the owner and possessor of dangerous instruments, to wit, firearms, is under a duty to entrust said firearms only to responsible people whose use does not create an unreasonable risk of harm to others and that by entrusting the individual defendant officers in the instant matter with firearms and with a license to carry firearms and in failing to remove said firearms, defendant the City of New York was negligent careless and reckless and violated the laws of the State of New York.

79. Defendant the City of New York, through its agents, servants, and employees knew or should have known of the violent, reckless, hazardous, and otherwise dangerous nature of the defendant officers, and negligently, recklessly and intentionally issued said officers firearms and failed to remove said firearms, and all other firearms defendant officers whether issued by the N.Y.P.D.

80. The aforesaid occurrence was caused through and by reason of the negligence of defendant City of New York, by and through its agents, servants and employees with no negligence on the part of the plaintiffs contributing thereto.

81. As a direct consequence of defendant City of New York's negligently and recklessly entrusting defendant officers with firearms, failing to remove said firearms, entrusting defendant officers with a license to carry firearms and failing to revoke said license, plaintiffs incurred physical injuries, pain and suffering, emotional and psychological trauma, assault, battery, pecuniary loss, loss of bodily function, hospitalization, scarring and that plaintiffs were otherwise damaged.

-11-

82. As a result of the defendants' negligence, plaintiffs Edgar Soto Jr. and Flora Soto sustained damages and they are entitled to awards of compensatory damages.

### FIFTH CLAIM FOR RELIEF ON BEHALF OF PLAINTIFFS EDGAR SOTO JR. AND FLORA SOTO FOR NEGLIGENT TRAINING, SUPERVISION AND DISCIPLINE

83. Plaintiffs repeat the allegations contained in the prior paragraphs as if fully stated herein.

84. The acts complained of herein resulted from defendant the City of New York, through its agents, servants and employees, breaching its duty properly to instruct, supervise, monitor and control its police officers, including instructing, supervising, monitoring and controlling the individual defendants herein.

85. Defendant City's breach of its duty to adequately train, supervise, monitor and control its employees directly resulted in the unlawful acts complained of herein.

86. As a result of the defendants' negligence, plaintiffs Edgar Soto Jr. and Flora Soto sustained damages and they are entitled to awards of compensatory damages.

### SIXTH CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF EDGAR SOTO SR. FOR LOSS OF CONSORTIUM

87. Plaintiffs repeat the allegations contained in the prior paragraphs as if fully stated herein.

88. At all times hereinafter mentioned, plaintiff Edgar Soto Sr. was and still is the lawfully wedded husband of plaintiff Flora Soto, and was at all such times living, consorting and cohabiting with his wife.

89. By reason of the injuries sustained by plaintiff Flora Soto, her husband plaintiff Edgar Soto Sr. has suffered mental anguish by being forced to witness his wife's severe physical and psychological pain and suffering, and her subsequent suffering whereby his own health has been seriously and permanently shocked, weakened and impaired, and by reason of the physical and mental condition of his wife, still continues to suffer in mind and body, and has

been deprived of the services of his wife and her care, protection, consideration, companionship, aid, solace and society, and has been required to remain at home for long periods of time, denying himself to friends and relatives, and upon information and belief, the aforesaid conditions will necessarily continue for a long time to come

90. By reason of the foregoing in the loss of his wife's consortium, plaintiff Edgar Soto Sr. has been damaged and is entitled to an award of compensatory damages.

### SEVENTH CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF EDGAR SOTO JR.
### VIOLATION OF PLAINTIFF'S FOURTH AMENDMENT RIGHTS VIA MALICIOUS PROSECUTION

91. Plaintiffs repeat the allegations contained in the prior paragraphs as if fully stated herein.

92. Plaintiff Soto Jr. was subjected to a malicious prosecution by the defendants who caused and continued his arrest, without probable cause, the arrest was effected with malice and the charges terminated in plaintiff's favor via a dismissal.

93. Defendants' actions resulted in Soto Jr. Being arrested, handcuffed, being held in custody from May 7, 2012 until May 26, 2012, being forced to appear in court numerous times over a 1.5 year period, fear of going to jail, anxiety, defamation in his community, pecuniary harms including but not limited to attorneys' fees and he was otherwise harmed.

94. The individual defendants who knew of plaintiff being maliciously prosecuted and who failed to intervene to prevent his constitutional rights from being violated are liable to the plaintiff as are the defendants who directly participated in plaintiff's prosecution.

95. By reason of the aforesaid, the plaintiff, Edgar Soto Jr. has been damaged and is entitled to compensatory and punitive damages.

**WHEREFORE,** plaintiffs respectfully request that judgment be entered as follows:

(A) Declaratory relief finding that plaintiff Edgar Soto Jr's and Flora Soto's rights under the United States Constitution were violated;

(B) Compensatory damages to be determined at trial in the sum of Fifty Million Dollars ($50,000,000) for Edgar Soto Jr., the sum of Twenty Five Million Dollars ($25,000,000) for Flora Soto, and the sum of Five Hundred Thousand Dollars ($500,000) for Edgar Soto Sr.

(C) By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages against the individual defendants in an amount to be fixed at trial;

(D) An award to plaintiffs of the costs and disbursements herein;

(E) An award of attorneys' fees under 42 U.S.C. §1988; and

(F) Such other and further relief as this Court may deem just and proper.

Dated: June 6, 2014
       New York, New York

*[signature]*

Fred Lichtmacher (FL-5341)
The Law Office of Fred Lichtmacher P.C.
*Attorneys for Plaintiffs*
The Empire State Building
350 Fifth Avenue, Suite 7116
New York, New York 10118
(212) 922-9066

To: Zachary Carter
    Corporation Counsel NYC
    Attorneys for Defendants
    100 Church Street
    New York, New York 10007