USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: May 28, 2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EDGAR SOTO, JR., FLORA SOTO, AND EDGAR SOTO, SR.,

            Plaintiffs,

-v-

THE CITY OF NEW YORK, POLICE OFFICER BRIAN SANTIAGO SHEILD #16132, POLICE OFFICER ANGEL TORRES SHIELD # 3631, SGT. TIMOTHY MCLAUGHLIN SHEILD # 4513, POLICE OFFICER RUAL MERA SHIELD # 27586, POLICE OFFICER VALERIE GREENE SHIELD # 19560, POLICE OFFICER JULIAN COCIANGA SHIELD # 18307; POLICE OFFICER AGUSTIN MELENDEZ SHIELD # 28869, and POLICE OFFICER FRANCIS LEVELLE, SHIELD # 14896 *in their individual capacities*,

            Defendants.

No. 12-CV-6911 (RA)

OPINION AND ORDER

---

RONNIE ABRAMS, United States District Judge:

Plaintiffs Edgar Soto Sr., Edgar Soto Jr., and Flora Soto bring this action against Defendants City of New York and the above-captioned New York City Police Department ("NYPD") officers, alleging claims of excessive force, battery, assault, negligent entrustment, and negligent training, supervision, and discipline on behalf of Flora Soto and Edgar Soto Jr.; malicious prosecution on behalf of Edgar Soto Jr.; and loss of consortium on behalf of Edgar Soto Sr. Before the Court is a motion to amend the complaint a third time to add two new claims: (1) the violation of Edgar Soto Jr.'s right to a fair trial, and (2) the violation of Flora Soto's Fourth and Fourteenth Amendment rights to privacy and to be free from an illegal search by Detective Warren Davis and

Sergeant Edward Ng., two officers not previously named as Defendants. For the reasons that follow, the motion is granted.

## BACKGROUND

As asserted in the currently operative Second Amended Complaint ("SAC"), this case concerns an incident that occurred on May 7, 2012, when Defendant officers were summoned to Plaintiffs' home on the sixth floor of 408 East 65th Street in Manhattan. SAC ¶ 22. The officers found Edgar Soto Jr. in the hallway holding a knife to his head and threatening suicide. *Id.* ¶ 23. Plaintiffs allege that after his mother, Flora Soto, convinced him to put the knife down, the officers began shooting at both of them and subsequently tasered them. *Id.* ¶¶ 28–32. Flora Soto was struck in the buttocks by bullets or bullet fragments. *Id.* ¶ 31. After the first round of shots, the officers purportedly began kicking and punching Edgar Soto Jr., and then shot him again, this time in the back. *Id.* ¶¶ 33, 36. As a result of the shooting, he lost his right testicle and has difficulty walking. *Id.* ¶¶ 46–47.

Edgar Soto Jr. remained hospitalized for more than three months following the incident. *Id.* ¶ 44. During that time, he was charged with attempted murder in the first degree, menacing a police officer, four counts of assault in the first degree, two counts of assault in the second degree, and three counts of criminal possession of a weapon in the fourth degree. *Id.* ¶ 42. On December 12, 2013, all criminal charges against him were dismissed with prejudice on the motion of the New York County District Attorney's Office. *Id.* ¶ 48.

As to Flora Soto, Plaintiffs allege that the officers initially denied she was shot and refused to get her medical attention. *Id.* ¶¶ 38–39. After being observed at the scene by Emergency Medical Services ("EMS") workers, however, she was taken to New York Presbyterian Hospital. *Id.* ¶¶ 39–40. While at the hospital, N.Y.P.D. officers interrogated her twice and seized her cell

phone. *Id.* ¶ 41. In the proposed Third Amended Complaint ("TAC"), Plaintiffs seek to further allege that while at the hospital, Detective Davis, a male officer, ordered a nurse to remove part of Flora Soto's clothing in order to photograph her partially nude body in the presence of another male officer, Sergeant Ng. *Id.* ¶ 42.

## DISCUSSION

"Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, [a] court should freely give leave [to amend] when justice so requires." *Holmes v. Grubman*, 568 F.3d 329, 334 (2d Cir. 2009) (internal quotation omitted). "Leave may be denied," however, "'for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.'" *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)).

Here, Plaintiffs seek to assert two additional claims relating to the events giving rise to the action: (1) that the photographs taken of Flora Soto in the hospital constituted an illegal search and invasion of her privacy in violation of the Fourth and Fourteenth Amendments, and (2) that Edgar Soto Jr. was denied his right to a fair trial. Pl. Mem. at 4, 7.

## I. Photographing of Flora Soto

Plaintiffs assert an illegal search and violation of privacy claim on behalf of Flora Soto, arguing that despite never being the suspect of criminal activity, Ms. Soto's injuries were photographed over her objections in the presence of male officers Detective Davis and Sgt. Ng, requiring a nurse to lift up her hospital gown to expose the wounds on her bare buttocks. Pl. Mem. at 4. Defendants concede that Flora Soto was not suspected of any crime, but argue that the officers' conduct was "reasonable and does not fun afoul of the Constitution" and that, in any event, they are protected by qualified immunity. Def. Opp. at 3–4, 5.

3

"[T]here is a right to privacy in one's unclothed or partially unclothed body" that is viewed "through the auspices of the Fourth Amendment or the Fourteenth Amendment," depending on the context. *Poe v. Leonard*, 282 F.3d 123, 138–39 (2d Cir. 2002) (analyzing claim against supervisor of officer who videotaped civilian female for training video). When the alleged conduct occurs in the context of "a criminal investigation or other form of governmental investigation or activity," the Fourth Amendment provides the source of the right, whereas the Fourteenth Amendment applies when the conduct does "not advance any governmental purpose." *Id.* at 136–37. Regardless of whether the violation is viewed under the Fourth or Fourteenth Amendment, however, such right is violated when a police officer "views, photographs or otherwise records another's unclothed or partially unclothed body, without that person's consent." *See id.* at 126, 138–39.

The proposed Third Amended Complaint plausibly alleges such a claim. Specifically, Plaintiffs allege that Detective Warren Davis and Sgt. Edward Ng ordered a nurse to remove a portion of Flora Soto's clothing and then photographed her partially nude body without her consent. Because the conduct occurred in the context of the officers' investigation of the shooting, the claim properly arises under the Fourth Amendment. Moreover, because Flora Soto, like the plaintiff in the *Poe* case, was a "private individual, not suspected of any criminal activity," her expectation of bodily privacy under the Fourth Amendment was "high." *Id.* at 138.

Defendants nonetheless argue that the Court should deny amendment to include this claim on the basis of qualified immunity. Def. Mem. at 6. The Court disagrees. "Qualified immunity protects public officials from liability for civil damages when one of two conditions is satisfied: (a) the defendant's action did not violate clearly established law, or (b) it was objectively reasonable for the defendant to believe that his action did not violate such law." *Garcia v. Does*,

4

779 F.3d 84, 92 (2d Cir. 2015) (quoting *Russo v. City of Bridgeport*, 479 F.3d 196, 211 (2d Cir. 2007)); *see also Wood v. Moss*, 134 S.Ct. 2056, 2066–67 (2014). The "dispositive inquiry" is "whether it would [have been] clear to a reasonable officer" in the officers' position "that [their] conduct was unlawful in the situation [they] confronted." *Wood*, 134 S.Ct. at 2067 (quoting *Saucier v. Katz*, 533 U.S. 194, 202 (2001)); *see also City and Cnty. of San Francisco v. Sheehan*, 135 S.Ct. 1765, 2015 WL 2340839, at *7 (May 18, 2015).

At the pleading stage, "it is the defendant's conduct as alleged in the complaint that is scrutinized for objective legal reasonableness." *McGarry v. Pallito*, 687 F.3d 505, 514 (2d Cir. 2012) (affirming denial of motion to dismiss) (quoting *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996)). Moreover, because qualified immunity is an affirmative defense that must be pleaded in Defendants' Answer, Plaintiffs, "in order to state a claim of constitutional violation, need not plead facts showing the absence of such a defense." *Black v. Coughlin*, 76 F.3d 72, 75 (2d Cir. 1996).

Flora Soto asserts that Davis and Ng violated her "right to privacy in [her] unclothed or partially unclothed body," a right that is clearly established in this and other circuits. *Poe*, 282 F.3d at 138; *Doe v. Luzerne Cnty.*, 660 F.3d 169, 176 (3d Cir. 2011); *Brannum v. Overton Cnty. Sch. Bd.*, 516 F.3d 489, 497–98 (6th Cir. 2008); *York v. Story*, 324 F.2d 450, 454–56 (9th Cir. 1963).[1] Because a violation of this right is highly fact-specific, however, the reasonableness of the officers' conduct in this case is not readily discernible. *See Poe*, 282 F.3d at 136–39

---

[1] There does not appear to be Supreme Court precedent directly on point and, to date, the Supreme Court has left open the question of whether, in the absence of controlling Supreme Court precedent, controlling circuit precedent constitutes clearly established federal law. *See Sheehan*, 2015 WL 2340839, at *9 (citing *Carroll v. Carman*, 135 S.Ct. 348, 350 (2014) (*per curiam*)). The Second Circuit, however, has instructed courts to "look to Supreme Court and Second Circuit precedent existing at the time of the alleged violation." *Garcia*, 779 F.3d at 92 (quoting *Okin v. Vill. of Cornwall–On–Hudson Police Dep't*, 577 F.3d 415, 433 (2d Cir. 2009)). Moreover, the "'absence of a decision by [the Second Circuit] or the Supreme Court directly addressing the right at issue will not preclude a finding that the law was clearly established' so long as preexisting law 'clearly foreshadow[s] a particular ruling on the issue.'" *Id.* (quoting *Tellier v. Fields*, 280 F.3d 69, 84 (2d Cir. 2000)).

(conducting fact-specific analysis under the Fourteenth Amendment); *Brannum*, 516 F.3d at 493–500 (conducting fact-specific analysis under the Fourth Amendment).

Although the Court agrees with Defendants that even accepting Plaintiffs' allegations as true, there was a legitimate government objective for taking the photographs, that does not end the inquiry. Rather, the "'nature and immediacy of the governmental concern' that prompted the search" must also be considered. *Brannum*, 516 F.3d at 497 (quoting *Veronia School Dist. 47J v. Acton*, 515 U.S. 646, 660 (1995)).[2] Defendants argue that the officers' conduct was reasonable because Flora Soto's medical treatment may have destroyed evidence of the bullets' point of entry. Def. Mem. at 4. That may be true, but if, for example, a female officer was available to take the photos within a reasonable amount of time, it is plausible that the decision of the male officers to proceed without Flora Soto's consent was objectively unreasonable. *See Doe*, 660 F.3d at 177 (finding that plaintiff's expectation of privacy was particularly heightened while she was in the presence of members of the opposite sex). In sum, further factual development is needed to determine whether the officers' conduct was "objectively reasonable."

"[C]ourts are reluctant to find that defendants are entitled to qualified immunity at the initial stages of the pleadings," *Schiller v. City of New York*, No. 04-CV-7922 (RJS)(JCF), 2009 WL 497580, at *7 (S.D.N.Y. Feb. 27, 2009) (citing *Field Day, LLC v. Cnty. of Suffolk*, 463 F.3d 167, 191–92 (2d Cir. 2006)), and for the foregoing reasons, this Court is as well. As it is not clear that qualified immunity attaches to Detective Davis and Sgt. Ng's conduct, Plaintiffs' proposed amendment would not be futile. Plaintiffs may thus amend the SAC to add a Fourth Amendment

---

[2] Even in the prison context where individuals have a lesser expectation of privacy, numerous courts have concluded that governmental interests must be weighed against the individual's right to bodily privacy, and that reasonable accommodations are required. *See Baker v. Welch*, No. 03-CV-2267 (JSR)(AJP), 2003 WL 22901051, at *13–18 (S.D.N.Y. Dec. 10, 2003) (discussing cases). *See also George v. City of New York*, Nos. 12-CV-6365, 13-CV-3511, 13-CV-3514 (PKC)(JLC), 2013 WL 5943206, at *11 (S.D.N.Y. Nov. 6, 2013) (denying motion to dismiss on qualified immunity grounds where prisoner plaintiffs challenged visual strip searches conducted without legitimate penal purpose).

claim on behalf of Flora Soto and, as appropriate, the Court will revisit the issue of qualified immunity after discovery.

## II. Right to a Fair Trial

Defendants do not oppose Plaintiffs' request to add a fair trial claim on behalf of Edgar Soto Jr. Although Edgar Soto Jr. did not proceed to trial on the charges that were ultimately dismissed, and the underlying factual allegations appear similar to those underlying his malicious prosecution claim, see TAC ¶¶ 92–93, 98–100, there is a plausible factual basis for the claim. See *Douglas v. City of New York*, 595 F.Supp.2d 333, 347 (S.D.N.Y. 2009) (citing *Ricciuti v. New York City Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997) for the proposition that a fair trial claim may proceed even if the underlying charges were dismissed); *Brandon v. City of New York*, 705 F.Supp.2d 261, 276 (S.D.N.Y. 2010) (allowing malicious prosecution and fair trial claims based on the same conduct to survive summary judgment). The amendment is thus too permitted.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to amend is granted. The Clerk of the Court is respectfully directed to file the Third Amended Complaint and to close item 85 on the docket.

SO ORDERED.

Dated: May 28, 2015
New York, New York

Ronnie Abrams
United States District Judge