UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
EDGAR SOTO, JR. et al.,                                        :

                                                :    MEMORANDUM OPINION
                  Plaintiffs,                    12 Civ. 6911 (RA) (GWG)
                                                :

   -v.-
                                                :

THE CITY OF NEW YORK et al.,
                                                :

                  Defendants.          :
---------------------------------------------------------------X
GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE

      Plaintiffs have brought suit against the City of New York and other defendants pursuant to 42 U.S.C. § 1983 alleging claims that include alleged physical and psychological injuries resulting from the defendants' use of excessive force.  The defendants have sought an order from this Court compelling the plaintiffs to provide releases compliant with the Health Insurance Portability and Accountability Act of 1996, Pub. L. 104–191, 110 Stat. 1936 ("HIPAA") and its regulations that would authorize plaintiffs' medical providers to orally discuss plaintiffs' health information with defense counsel.  See Letter from Brian Francolla, filed October 9, 2015 (Docket # 129) ("Def. Let."). Plaintiffs have opposed this request.  See Letter from Fred Lichtmacher, filed October 16, 2015 (Docket # 131) ("Pl. Let.").  The Court granted the application at oral argument on October 20, 2015.  This Memorandum Opinion sets forth the reasons for that ruling.

      The plaintiffs' claims in this case relate in part to the injuries they received as a result of the defendants' conduct.  See Complaint, filed September 12, 2012 (Docket # 1) ¶¶ 21-47.  Thus, plaintiffs have forfeited their right to claim privacy in the records of their medical treatment. See generally Romano v. SLS Residential Inc., 298 F.R.D. 103, 112 (S.D.N.Y. 2014) ("by

bringing a lawsuit a patient or other holder of a privilege will be deemed to have waived the pertinent privilege for records relevant to his or her claims"). Indeed, plaintiffs recognize as much, having executed forms that authorize the release of their written medical records to the defendants. All that is at issue here is their refusal to authorize their medical providers to engage in oral discussions of their medical condition with defendants' attorneys. At the October 20, 2015 conference, counsel represented that there are approximately 90 medical providers at issue. Defendants state that

> absent the access requested, defendants would be forced to expend substantial resources in an effort to depose any and all medical professionals who could potentially be witnesses they would like to call at trial. Not only would this approach constitute an extremely inefficient use of the parties' time and resources, it would unnecessarily tie up the time of medical professionals whose potential involvement in this case could otherwise be ascertained through a brief conversation over the phone.

Def. Let. at 2-3.

The plaintiffs characterize the defendants' request as an attempt to obtain "ex parte" interviews with these witnesses. Pl. Let. at 1. They assert that the defendants' request should be denied because "there has been an insufficient showing of need to conduct such interviews." Id.

Were it not for statutory restrictions placed on the release of medical information and common-law privileges regarding physician-patient communications, defendants could simply contact the medical providers without court involvement since normally nothing stops an attorney from contacting an unrepresented witness directly. Indeed, under New York law, "an attorney may interview an adverse party's treating physician privately when the adverse party has affirmatively placed his or her medical condition in controversy" as long as the "procedural prerequisites" of HIPAA are satisfied. Arons v. Jutkowitz, 9 N.Y. 3d 393, 402 (2007).

Here, HIPAA, rather than any New York state privilege, applies inasmuch as this case

2

arises under federal law.  See Nat'l Abortion Fed'n v. Ashcroft, 2004 WL 555701, at *4-6 (S.D.N.Y. Mar. 19, 2004) (New York privilege law, even if it is more stringent than HIPAA, does not apply to a federal claim).  HIPAA and its governing regulations impose no substantive restrictions on what type of health information a provider may release — or the manner in which it may be communicated — in situations where the patient provides a written authorization that complies with the regulations, see 45 C.F.R. § 164.508 (2013).

Plaintiffs assert that defendants are not entitled to obtain a release from plaintiffs permitting the medical providers to discuss plaintiffs' medical condition because defendants have not shown a "need" to conduct the interviews.  Pl. Let. at 1.  But the information sought is plainly relevant and plaintiffs concede that defendants would be entitled to have it were it sought by means of a deposition.  The only legal barrier to their making the contact with the physicians — the HIPAA statute and regulations — does not speak to the issue of whether the medical information must be withheld from defendants.  It is thus unclear why defendants should be required to make a showing of "need."  Plaintiffs do not dispute that the Court would have authority to order them to sign a release for the written medical information at issue.  Indeed, case law has repeatedly confirmed a court's authority to order a party to execute a release for medical information.  See, e.g., Woodall v. Pitchard, 2012 WL 1113605, at *2 (W.D.N.Y. Mar. 30, 2012) (such orders are "standard procedure") (citation and internal quotation marks omitted); accord Hockenjos v. City of New York, 2014 WL 3530895, at *4 (E.D.N.Y. May 30, 2014); see also Jones v. King, 2013 WL 815863, at *4 (S.D.N.Y. Mar. 4, 2013) (requiring party to sign release); Ashley v. Daniels, 2009 WL 1739898, at *1 (S.D.N.Y. June 17, 2009) (same).  The Court does not believe it is any less appropriate to require an authorization that permits the transmission of such information orally rather than in writing.

Of course, assuming the medical providers agree to speak, plaintiffs will not have the same access to the information that they would have enjoyed if the providers were transmitting written records to defendants. But the law already recognizes the appropriateness of an attorney having contact with an unrepresented person outside the discovery process. See, e.g., Arons, 9 N.Y. 3d at 402. In light of the fact that plaintiffs cannot claim a privacy interest in the medical information relating to their claims in this case, there is no reason why the defendants should not be permitted to have contact with the medical providers in the same manner they are permitted to have contact with any other non-party witness.

Sforza v. City of New York, 2008 WL 4701313 (S.D.N.Y. Oct. 24, 2008), reached the same result. In Sforza, the defendants sought either an order requiring the plaintiff to sign a HIPAA release permitting the defendants to contact certain medical providers or an order that would permit the medical providers to provide the information. Id. at *1. Plaintiff opposed the application on the grounds that oral interviews could not be authorized with a HIPAA release, and that any oral discovery could occur "only in the context of a deposition," Id. Sforza rejected that argument. The court noted that the HIPAA regulations, 45 C.F.R. § 164.512(e)(1), allow disclosure pursuant to court order or subpoena once "certain conditions, principally concerning notice to the affected person, are met." Sforza, 2008 WL 4701313, at *2. The Court found nothing in HIPAA that further restricted a medical provider's ability to provide health information to the defendants. See id. at *3. Sforza noted that such "ex parte" interviews "may very well alleviate the need to take [the witnesses'] depositions and save the plaintiff, defendants, and the [witnesses] the cost and burden of more formal discovery." Id.

Plaintiffs argue that Sforza is incorrectly decided but provides little explanation of what the flaw is in its reasoning. Their letter cites to the same cases that Sforza either distinguished or

4

rejected. We too find these cases unpersuasive. Eng v. Blood, 2008 WL 2788894, at *5 (N.D.N.Y. July 17, 2008), denied requests for HIPAA authorizations similar to those requested here but never gave a reason for the denial other than to say that there was "no need" for such authorizations. It is thus unclear what the nature was of the "need" that had to be proven and what was the source of this requirement. Fralick v. Chautauqua County Chapter of Am. Nat'l Red Cross, 2007 WL 475322 (W.D.N.Y. Feb. 9, 2007), denied a request for ex parte interview authorizations because defendants had not "demonstrated good cause" for an order permitting the interviews under Fed. R. Civ. P. 26(c). Id. at *2. We do not see why Rule 26(c) would have placed any burden on the defendants to show "good cause," however, inasmuch as Rule 26(c) applies where a party asks the court to issue an order "to protect a party or person from" the adverse consequences of discovery, such as undue burden or expense. The defendants were not seeking such an order in Fralick. Nor have defendants sought such an order here.

      Finally, Equal Emp't Opportunity Comm'n v. Boston Mkt. Corp., 2004 WL 3327264 (E.D.N.Y. Dec. 16, 2004), found that the plaintiff had "waived the privilege applying to health information that she has put at issue." Id. at *6. The court refused to grant the order permitting "ex parte" interviews with the medical providers, however, because of HIPAA's "strong federal policy in favor of protecting the privacy of patient medical records," id. at *5. The court never explained, however, why the policy embodied in HIPAA should continue in force where, as the court itself recognized, plaintiff had waived her claim to privacy by filing the lawsuit, id. at *6. Thus, we do not accept the reasoning of Boston Mkt. Corp.

      Because plaintiffs here have placed the medical information sought by defendants at issue by bringing this lawsuit, the Court has directed them to execute authorizations that permit the oral transmission of the medical information to defendants's counsel. Obviously, nothing

5

herein should be construed as requiring the medical providers to speak to defendants' counsel.

SO ORDERED.

Dated: October 20, 2015
       New York, New York

                                              GABRIEL W. GORENSTEIN
                                              United States Magistrate Judge