```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 11/24/2015
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDGAR SOTO JR., *et al.*,

                Plaintiffs,

v.

THE CITY OF NEW YORK, *et al.*,

                Defendants.

No. 12-CV-6911 (RA)

OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiffs in this action allege that they sustained physical and psychological injuries resulting from excessive force used by New York City Police Department officers in an incident that occurred on May 7, 2012. On October 20, 2015, Magistrate Judge Gorenstein issued a Memorandum Opinion (the "Opinion") ordering Plaintiffs "to provide releases compliant with the Health Insurance Portability and Accountability Act of 1996, Pub. L. 104–191, 110 Stat. 1936 ('HIPAA') and its regulations that would authorize [P]laintiffs' medical providers to orally discuss [P]laintiffs' health information with defense counsel." Dkt. 135 at 1. On October 26, 2015, Plaintiffs moved by letter pursuant to Federal Rule of Civil Procedure 72(a) to set aside the Opinion. *See* Dkt. 133. For the reasons that follow, Plaintiffs' motion is denied.

"Matters concerning discovery generally are considered 'nondispositive' of the litigation." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010). District judges may "modify or set aside any part of [a magistrate judge's nondispositive] order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).[1] "Under this highly deferential standard, magistrate judges

---

[1] Plaintiffs originally argued in their letter motion that the Court should review the Opinion *de novo* pursuant to Rule 72(b)(3), *see* Dkt. 133 at 2, but subsequently acknowledged in their reply letter that the Opinion could be set

'are afforded broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused.'" *Thai Lao Lignite (Thai.) Co. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 511–12 (S.D.N.Y. 2013) (quoting *Ritchie Risk-Linked Strategies Trading (Ir.), Ltd. v. Coventry First, LLC*, 282 F.R.D. 76, 78 (S.D.N.Y. 2012)). "A magistrate judge's ruling is contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure, and is clearly erroneous if the district court is left with the definite and firm conviction that a mistake has been committed." *Id.* at 512 (internal alterations, quotations, and citations omitted). "[T]he fact that reasonable minds may differ on the wisdom of granting a party's motion is not sufficient to overturn a magistrate judge's decision." *Tiffany & Co. v. Costco Wholesale Corp.*, No. 13-CV-1041 (LTS), 2013 WL 5677020, at *1 (S.D.N.Y. Oct. 18, 2013) (internal quotations and alterations omitted). After considering the Opinion, the parties' submissions, *see* Dkt. 133, 139 & 142, and the record in this case in light of the deferential standard of review, the Court is satisfied that the Opinion was neither clearly erroneous nor contrary to law.

In the Opinion, Judge Gorenstein considered whether HIPAA prohibits Defendants' counsel from communicating orally with Plaintiffs' medical providers even after Plaintiffs had forfeited their privacy in (and Defendants already had access to) Plaintiffs' written medical records from those very same providers. There is no dispute that, as a result of bringing this lawsuit, "[P]laintiffs forfeited their right to claim privacy in the records of their medical treatment," or that Plaintiffs "executed forms that authorize the release of their written medical records" to Defendants. Op. at 1–2. Plaintiffs contend, however, that HIPAA did not require them to allow Defendants' counsel to conduct "*ex parte* interviews" with Plaintiffs' medical providers absent a showing of need. *See id.* at 2. Judge Gorenstein disagreed, finding no reason to treat oral

---

aside only if it is "contrary to law" or "clearly erroneous," Dkt. 142 at 1. The Court agrees that the Opinion relates to a nondispositive matter governed by Rule 72(a).


communications about Plaintiffs' medical treatment differently than written medical records, nor to treat Plaintiffs' medical providers differently than any other non-party witnesses who may be contacted by Defendants' counsel. *See id.* at 2–4. The Opinion thus concluded that Plaintiffs were not entitled to withhold the written authorization required by HIPAA.

In reaching his conclusion, Judge Gorenstein relied on *Sforza v. City of New York*, No. 07-CV-6122 (DLC), 2008 WL 4701313 (S.D.N.Y. Oct. 24, 2008), in which Judge Cote similarly allowed the defendants' counsel to communicate orally with the plaintiff's medical providers despite the plaintiff's refusal to execute a written authorization. In *Sforza*, the plaintiff alleged in part that police officers "refused to allow her to be treated by [Emergency Medical Technicians ("EMTs")] who were present at the scene of her arrest." 2008 WL 4701313, at *1. After the defendants' counsel "identified certain EMTs who may have been working near the scene of the incident on the night of the plaintiff's arrest," the plaintiff refused to authorize the defendants' counsel from speaking with those individuals to determine whether they were present when the plaintiff was arrested. *Id.* The court ordered that the defendants' counsel be permitted to communicate with the EMTs, noting that nothing in HIPAA prohibited such an order and that interviewing the EMTs "may very well alleviate the need to take their depositions and save the plaintiff, defendants, and the EMTs the cost and burden of more formal discovery." *Id.* at *3. In so doing, the court distinguished three district court cases that relied on HIPAA in refusing to permit defense counsel from communicating with the plaintiffs' medical providers. *See id.* at *2 (distinguishing *Eng v. Blood*, No. 04-CV-1146 (NAM), 2008 WL 2788894 (N.D.N.Y. July 17, 2008); *Fralick v. Chautauqua Cnty. Chapter of Am. Nat'l Red Cross*, No. 06-CV-340S (Sr), 2007 WL 475322 (W.D.N.Y. Feb. 9, 2007); and *E.E.O.C. v. Boston Mkt. Corp.*, No. 03-CV-4227

(LDW), 2004 WL 3327264 (E.D.N.Y. Dec. 16, 2004)). The Opinion explicitly noted its agreement with *Sforza* that *Eng*, *Fralick*, and *Boston Market Corp.* were "unpersuasive." Op. at 5.

Plaintiffs now contend that the Opinion is clearly erroneous and contrary to law. *See* Dkt. 133 at 4–5; Dkt. 142 at 1. Plaintiffs argue that *Sforza* is "distinguishable" because the plaintiff in that case could not identify the EMTs who may have been present at her arrest, while Plaintiffs here have identified their medical providers. Dkt. 133 at 4. Plaintiffs also argue that Defendants have failed to identify why *ex parte* interviews with Plaintiffs' medical providers are necessary and that, at the very least, Plaintiffs' counsel should be present at any interview conducted by Defendants' counsel. *See id.* at 3.

The Court disagrees. Nothing in *Sforza* suggests that its logic is limited to its factual circumstances, nor are the facts in *Sforza* meaningfully distinguishable from the facts here. As noted in the Opinion, "there are approximately 90 medical providers at issue" in this case. Op. at 2. While the identities of these providers are known, it is not clear at this juncture which of these providers have knowledge relevant to Plaintiffs' claims.[2] And as was the case in *Sforza*, allowing Defendants to interview these providers informally may "alleviate the need to take their depositions and save the plaintiff[s], defendants, and the [providers] the cost and burden of more formal discovery." *Sforza*, 2008 WL 4701313, at *3. Given the number of medical providers at issue in this case, the Court agrees with Defendants that requiring each medical provider to be deposed would amount to "a significant waste of money, resources and time for all involved."

---

[2] Plaintiffs argue that the list of healthcare providers can easily be narrowed because they "only disclosed four experts who are healthcare professionals and there were only four surgeons who operated on [Plaintiffs]." Dkt. 142 at 1. There is no reason to assume, however, that of the 96 potential witnesses identified in Plaintiffs' initial disclosures, Plaintiffs' experts and surgeons are the only healthcare providers who have knowledge relevant to Plaintiffs' claims.

4

Dkt. 139 at 2. Defendants' counsel should therefore be permitted to contact Plaintiffs' medical providers to determine which of them, if any, may have knowledge relevant to Plaintiffs' claims.[3]

For the reasons stated above, Plaintiffs' letter motion to set aside the Opinion is denied. Not only does the Court agree with Judge Gorenstein's thoughtful analysis, but Plaintiffs' argument at best establishes that "reasonable minds may differ" as to whether HIPAA permits Plaintiffs to withhold their consent to allow Defendants' counsel to communicate with Plainitffs' medical providers. *Tiffany & Co.*, 2013 WL 5677020, at *1. Accordingly, Plaintiffs have failed to meet their burden to establish that the Opinion is clearly erroneous or contrary to law.

In their joint letter due on or before December 7, 2015, *see* Dkt. 144, the parties shall inform the Court whether—and if so, how—this order affects the status of the case.

SO ORDERED.

Dated: November 24, 2015
New York, New York

Ronnie Abrams
United States District Judge

---

[3] Defendants' counsel may communicate with Plaintiffs' medical providers outside the presence of Plaintiffs' counsel. As Judge Gorenstein noted in the Opinion, "normally nothing stops an attorney from contacting an unrepresented witness directly." Op. at 2. Once the restrictions imposed by HIPAA are removed, Plaintiffs' medical providers are no different from any other fact witnesses. Defendants should nonetheless "specifically identify" to Plaintiffs any medical providers contacted by Defendants' counsel. Dkt. 139 at 2. Plaintiffs' counsel is of course free to contact any of these individuals in order to reduce the perceived risk of being surprised by any testimony at trial. *See* Dkt. 133 at 2–3.

5