USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 11/14/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDGAR SOTO JR., *et al.*,

                    Plaintiffs,

          v.

THE CITY OF NEW YORK, *et al.*,

                    Defendants.

No. 12-CV-6911 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

No later than November 13, 2016 at 12:00 p.m., the parties shall submit to the Court any

objections to the attached draft jury instructions. All legal arguments should be supported with

citations to relevant authority.

SO ORDERED.

Dated:     November 11, 2016
           New York, New York

_____
Ronnie Abrams
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDGAR SOTO JR., *et al.*,

     Plaintiffs,

   v.

THE CITY OF NEW YORK, *et al.*,

     Defendants.

No. 12-CV-6911 (RA)

**JURY CHARGE**

**NOVEMBER [15], 2016**

# GENERAL INSTRUCTIONS

## A.    **Introductory Remarks**

Members of the jury, you have now heard all of the evidence in the case as well as the final arguments of the parties. You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict in the case.

Now it is time for me to instruct you as to the law that governs the case. There are three parts to these instructions. First, I'm going to give you some general instructions about your role, and about how you are to decide the facts of the case. Most of these instructions would apply to just about any trial. Second, I'll give you some specific instructions about the legal rules applicable to this particular case. Third, I'll give you some final instructions about procedure.

Listening to these instructions may not be easy. It is important however that you listen carefully and concentrate. I ask you for patient cooperation and attention. You'll notice that I'm reading these instructions from a prepared text. It would be more lively, no doubt, if I just improvised. But it's important that I not do that. The law is made up of words, and those words are very carefully chosen. So when I tell you the law, it's critical that I use exactly the right words.

Because my instructions are lengthy, I have provided each of you with a copy of them, not only so that you can follow them as I read them now, but also so that you can have them with you for reference as you deliberate. Nonetheless, feel free to just listen for now.

**B.    Role of the Court**

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and to apply them to the facts as you determine them. With respect to legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow. You must not substitute your own notions or opinions of what the law is or ought to be.

**C.    Role of the Jury**

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

Do not conclude from any of my questions or any of my rulings on objections or anything else I have done during this trial that I have any view as to the credibility of the witnesses or how you should decide the case.

It is your sworn duty, and you have taken the oath as jurors, to determine the facts. Any opinion I might have regarding the facts is of absolutely no consequence.

**D.    Role of Counsel**

It is the duty of the attorneys to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. It is my job to rule on those objections. Therefore, why an objection was made or why I ruled on it the way I did is not your concern. You should draw no inference from the fact that an attorney objects to any evidence. Nor should you draw any inference from the fact that I might have sustained or overruled an objection.

3

The personalities and the conduct of counsel in the courtroom are not in any way at issue. If you formed reactions of any kind to any of the lawyers in the case, favorable or unfavorable, whether you approved or disapproved of their behavior as advocates, those reactions should not enter into your deliberations.

During the course of the trial, I may have had to admonish an attorney or correct his presentation. You should draw no inference against him or his client. It is the duty of the attorneys to offer evidence and press objections on behalf of their clients.

From time to time, the lawyers and I had conferences out of your hearing. These conferences involved procedural and other legal matters, and none of the events relating to these conferences should enter into your deliberations at all.

**E.      Sympathy or Bias**

Under your oath as jurors you are not to be swayed by sympathy or prejudice. Your verdict must be based solely upon the evidence developed at this trial, or the lack thereof. It must be clear to you that once you let fear or prejudice or bias or sympathy interfere with your thinking, there is a risk that you will not arrive at a true and just verdict.

It would be improper for you to consider any personal feelings you may have about one of the parties' race, religion, national origin, gender or age, sexual orientation, disability or physical appearance. It would be equally improper for you to allow any feelings you might have about the nature of the claim against the defendants to influence you in any way. The parties in this case are entitled to a trial free from prejudice and bias. Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

**F.**    **All Persons Equal Before the Law**

In reaching your verdict, you must remember that all parties stand equal before a jury in the courts of the United States. You have heard the testimony of police officers. The fact that a party or witness may be employed as a police officer does not mean that his or her testimony is deserving of more or less consideration or greater or lesser weight than that of an ordinary party or witness. It is your decision, after reviewing all the evidence, whether to accept or reject all or parts of the testimony of the law enforcement witnesses as you would any other witness and to give to that testimony whatever weight, if any, you find it deserves.

**G.**    **Burden of Proof**

As this is a civil case, the plaintiffs have the burden of proving their claims by a preponderance of the evidence. This means that the plaintiffs must prove by a preponderance of the evidence each and every disputed element of their claims with respect to each defendant. If you find that the plaintiffs have failed to establish a claim by a preponderance of the evidence, you must decide against them on that claim.

What does a "preponderance of the evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties—that it is equally probable that one side is right as it is that the other side is right—then

you must decide that issue against the party having this burden of proof. That is because the party bearing this burden must prove more than simple equality of evidence—the party must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof—that what the party claims is more likely true than not true—then that element will have been proved by a preponderance of the evidence.

In this case, the plaintiffs have the burden of proving each element of their claims.

One final note on the burden of proof: some of you may have heard of "proof beyond a reasonable doubt." This is the standard of proof in a criminal trial. It does not apply to a civil case such as this and you should put it out of your mind.

## H.    **What Is and Is Not Evidence**

In determining the facts, you must rely upon your own recollection of the evidence. The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, and any stipulations of the parties.

However, testimony that I may have stricken or excluded is not evidence and may not be considered by you in rendering your verdict. Also, if certain testimony was received for a limited purpose, you must follow the limiting instructions I gave you, and use the evidence only for the purpose I indicated.

The only exhibits that are evidence in this case are those that were received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials that were used only to refresh a witness's recollection.

As I told you at the start of this case, statements and arguments by lawyers are not evidence, because the lawyers are not witnesses. What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection that controls.

For the same reasons, you are not to consider a lawyer's questions as evidence. It is the witnesses' answers that are evidence, not the questions. Similarly, any statements that I may have made do not constitute evidence. It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

Finally, this means, of course, that anything you may have heard or read in the news media or anything outside of this courtroom may play no role in your deliberations. Your decision in this case must be made solely on the evidence presented at trial.

## I.    Direct and Circumstantial Evidence

Generally, there are two types of evidence that you may consider in reaching your verdict. One type of evidence is direct evidence. Direct evidence is testimony by a witness about something he knows by virtue of his own senses—something he has seen, felt, touched, or heard. For example, if a witness testified that when he left his house this morning, it was raining, that would be direct evidence about the weather.

Circumstantial evidence is evidence from which you may infer the existence of certain facts. For example, assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella, which was dripping wet. Then a few minutes later another person entered with a wet raincoat. Now, you

7

cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason, experience, and common sense from one established fact the existence or non-existence of some other fact.

As you can see, the matter of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a logical, factual conclusion which you might reasonably draw from other facts that have been proven. Many material facts—such as what a person was thinking or intending—can rarely be proved by direct evidence.

Circumstantial evidence is as valuable as direct evidence. The law makes no distinction between direct and circumstantial evidence.

There are times when different inferences may be drawn from the evidence. The plaintiffs ask you to draw one set of inferences. The defendants ask you to draw another. It is for you, and for you alone, to decide what inferences you will draw.

## J.    Witness Credibility

You have had the opportunity to observe the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

You should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, the impression the witness made when testifying, the relationship of the witness to the controversy and the parties, the witness's bias or impartiality, the reasonableness of the witness's statement, the strength or weakness of the witness's

recollection viewed in the light of all other testimony, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case. How did the witness appear? Was the witness candid, frank, and forthright; or, did the witness seem to be evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent or contradictory? Did the witness appear to know what he or she was talking about? Did the witness strike you as someone who was trying to report his or her knowledge accurately? These are examples of the kinds of common sense questions you should ask yourselves in deciding whether a witness is, or is not, truthful.

In passing upon the credibility of a witness, you may take into account any inconsistencies or contradictions as to material matters in his or her testimony. You should also take into account any evidence that the witness who testified may benefit in some way from the outcome in this case. Likewise, you should note any evidence of hostility or affection that the witness may have towards one of the parties. Such bias or interest in the outcome creates a motive to testify falsely. It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony and bear that factor in mind when evaluating the credibility of the testimony.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely. It is for you to decide to what extent, if at all, the witness's interest has affected or colored his or her testimony.

If you find that any witness has willfully testified falsely as to any material fact, you have the right to reject the testimony of that witness in its entirety. On the other hand, even if you find that a witness has testified falsely about one matter, you may reject as false that portion of his or her testimony and accept as true any other portion of the testimony which commends itself to your belief or which you may find corroborated by other evidence in this case. A witness may be inaccurate, contradictory, or even untruthful in some aspects, and yet be truthful and entirely credible in other aspects of his or her testimony.

The ultimate question for you to decide in passing upon credibility is: did the witness tell the truth before you? It is for you to say whether his or her testimony at this trial is truthful in whole or in part.

## K.    Prior Inconsistent Statement

You have heard evidence that a witness may have made a statement on an earlier occasion which counsel argues is inconsistent with the witness's trial testimony. Evidence of the prior inconsistent statement was placed before you for the limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself or herself. If you find that the witness made an earlier statement that conflicts with his or her trial testimony, you may consider that fact in deciding how much of his or her trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency; and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to be

given to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

**L.  All Available Witnesses or Evidence Need Not Be Produced**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters at issue in this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

## SUBSTANTIVE INSTRUCTIONS

I will turn now to my instructions on the substantive law to be applied to this case. The plaintiffs in this case are Edgar Soto, Jr., Flora Soto, and Edgar Soto, Sr. The defendants are Police Officer Brian Santiago, Police Officer Angel Torres, Police Officer Augustin Melendez, and the City of New York. Edgar Soto, Jr. and Flora Soto bring claims against the individual defendants under Section 1983 of Title 42 of the United States Code, and against the City of New York under New York law for assault and battery. Edgar Soto, Sr. seeks damages from the City of New York for loss of consortium, based on the injuries to his wife. I will describe each of these claims in greater detail shortly.

Although the defendants in this trial are being represented by the same counsel, you should consider each defendant separately. You should consider the evidence against each defendant separately and ask with respect to each defendant whether the plaintiffs have proved the elements of their claim against the defendant you are considering by a preponderance of the evidence. Each defendant is entitled to a fair consideration of the evidence relating to that defendant, and is not to be prejudiced by any finding you make for or against another defendant.

**A.  Section 1983: Violations of the Fourth and Fourteenth Amendments**

I will first discuss Edgar Soto, Jr.'s and Flora Soto's claims under Section 1983. Section 1983 is a statute that provides a remedy for individuals who have been deprived of federal rights under color of state law. Edgar Soto, Jr. alleges that Officer Santiago, Officer Torres, and Officer Melendez deprived him of his right under the Fourth Amendment of the United States Constitution to be free from excessive force by the police. Flora Soto alleges that Officer Santiago and Officer Torres deprived her of her due process rights under the Fourteenth Amendment of the Constitution.

As the plaintiffs, Edgar Soto, Jr. and Flora Soto have the burden of proving each essential element of their claims by a preponderance of the evidence. With respect to each defendant, if you find that any of the essential elements of the plaintiffs' claims have not been proven by a preponderance of the evidence, you must return a verdict for that defendant.

Under Section 1983, a plaintiff must establish, by a preponderance of the evidence, each of the following three elements as to each defendant: first, that the acts complained of were committed by the defendant while acting under color of state law; second, that in committing these acts the defendant deprived the plaintiff of rights, privileges, or immunities secured by the United States Constitution or the laws of the United States; and third, that the defendant's acts were the proximate cause of the injuries sustained by the plaintiff.

*1.  First Element—Acting under Color of State Law*

As to the first element I just listed, acting under color of state law, this means acting in one's capacity as a police officer. In this case, there is no dispute that, at the time of the alleged violations, Officer Santiago, Officer Torres, and Officer Melendez were employees of the New

12

York City Police Department, and were acting under color of state law. Therefore, I instruct you that the first element of the plaintiffs' Section 1983 claims has been met.

### 2. *Second Element—Deprivation of a Right*

The second element is that a defendant deprived the plaintiff of rights, privileges, or immunities secured by the United States Constitution or the laws of the United States. In considering this element, the first thing you must determine is whether Edgar Soto, Jr. and Flora Soto have shown, by a preponderance of the evidence, that Officer Santiago, Officer Torres, and/or Officer Melendez committed the acts alleged by Edgar Soto, Jr. and Flora Soto. If you determine that the individual defendants committed these acts, you must next determine whether those acts caused the plaintiffs to suffer the loss of a right, privilege, or immunity secured by the United States Constitution or the laws of the United States.

#### a. Excessive Force

Edgar Soto, Jr. asserts that he was deprived of his rights under the Fourth Amendment because he was subjected to excessive force. Defendants dispute this allegation. Defendants contend that their actions were justified, that they were reasonable under the circumstances, and that they were in accordance with existing law. Every person has the right not to be subjected to unreasonable or excessive force by a law enforcement officer. On the other hand, an officer has the right to use such force as is necessary under a given set of circumstances.

The question for you is whether the use of force was reasonable under the *totality* of the facts and circumstances *known to the officers* on the scene *at the time of the incident*. The question must be answered based upon what was known and understood by the officers on the scene *when the force was employed*. In other words, you must determine whether the amount of

13

force actually used was the amount of force that *a reasonable officer would have used* under similar circumstances.

As regards the use of deadly force, an officer is entitled to use deadly force if the decision to do so is reasonable. But it is not objectively reasonable for an officer to use deadly force to apprehend a suspect unless the officer has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others. "Probable cause" means that, under the totality of the circumstances, a reasonable officer could have thought that there was a fair probability that he or others faced a serious threat of physical harm.

In making this determination, you should take into account the totality of the circumstances. You should not make this determination, however, by considering how the facts appear when assessed with 20/20 hindsight. Not every use of force by a police officer, even if it may seem unnecessary sitting in this courtroom, constitutes excessive force. The legal definition of "reasonable" takes account of the fact that police officers often have to make difficult split-second decisions about the amount of force necessary in situations that are sometimes tense, uncertain, dangerous, and rapidly evolving. In this regard, the law does not require that an officer use the least amount of force possible, so long as you find that the use of force was reasonable. When police officers are faced with an imminent threat of death or serious bodily harm, they have no duty to retreat and may employ deadly force. However, if you find that the amount of force used was greater than a reasonable officer would have employed, the plaintiff will have established the loss of a constitutional right.

The question of whether the defendants used reasonable force or excessive force is an objective one. This means that the defendants' personal motivations or intentions are irrelevant. The question should be answered with regard to what *a reasonable officer* would have done

under the totality of the circumstances. Whether a defendant here had good intentions or bad intentions has no bearing on whether the use of force was reasonable or excessive.

      b.    <u>Due Process</u>

Flora Soto asserts that she was deprived of her rights under the Due Process Clause of the Fourteenth Amendment, which provides that a person may not be deprived of life, liberty, or property without due process of law. I am instructing you that Flora Soto suffered a deprivation of liberty due to the injury she sustained. The issue for you to determine is whether that deprivation of liberty was without due process of law. In the context of this case, the Due Process Clause protects private citizens against arbitrary, egregious, or abusive exercises of governmental power.

In a case like this one, a police officer's conduct will be considered an abuse of governmental power only when the officer's conduct shocks the conscience. An officer's conduct is not an abuse of government power merely because the officer made an unwise, negligent, or even foolish decision. Rather, the officer's conduct must be so egregious as to shock the conscience of you, the jury.

You may find that the conduct of Officer Santiago and Officer Torres was shocking to the conscience only if you find that their purpose was to cause harm, unrelated to a legitimate law enforcement objective. If you do not find that these defendants acted with a purpose to cause harm, you must return a verdict for the defendants.

In determining whether these defendants had such a purpose, you should take into account the fact that police officers are often required to make difficult split-second decisions under tense, rapidly evolving circumstances. Their decisions are difficult partly because police officers have conflicting obligations. On the one hand, their duty is to apprehend criminals and

restore and maintain lawful order. On the other hand, they are obligated not to cause more disorder than is necessary to do their jobs.

### 3. Third Element—Proximate Cause

The third element that a plaintiff must prove is that the acts of the defendant were a proximate cause of the harm sustained by the plaintiff. Proximate cause means that there must be a sufficient causal connection between the acts or omissions of the defendant and any harm sustained by the plaintiff. An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing the harm, that is, if the harm was a reasonably foreseeable consequence of the defendant's act or omission. If a harm was a direct result or reasonably probable consequence of the defendant's act or omission, it was proximately caused by such act or omission. In other words, if the defendant's act or omission had such an effect in producing the harm that reasonable persons would regard it as being a cause of the harm, then the act or omission is a proximate cause.

## B. Section 1983: Failure to Intervene

You must also decide whether Officer Santiago, Officer Torres, or Officer Melendez are liable under Section 1983 for failure to intervene. All law enforcement officials have an affirmative duty to intervene to protect the Constitutional rights of citizens from infringement by other law enforcement officials in their presence. I instruct you that an officer who fails to intervene is liable for the preventable harm caused by the actions of another officer if that officer either observes or has reason to know that excessive force is being used. However, before an officer can be held liable for failure to intervene, you must find that the officer had a realistic opportunity to prevent the harm from occurring—that is, that he had sufficient time to intercede and a capability to prevent the harm.

16

Thus, before you can hold any of the defendants liable for failure to intervene, you must conclude that the following elements have been met: first, that a plaintiff was subjected to the use of excessive force; second, that the defendant in question observed those actions and knew they were unlawful; third, that the defendant in question had a realistic opportunity to intervene, as I have just described that phrase; and fourth, that the defendant in question failed to take reasonable steps to prevent the violation of the plaintiff's constitutional rights.

If you find that these four elements are satisfied, by a preponderance of the evidence, then you must find the defendant or defendants liable for any injuries that you conclude were a proximate result of the excessive force.

## C.     **Assault and Battery**

Separate from their Section 1983 claims, Edgar Soto, Jr. and Flora Soto have brought claims for assault and battery under New York law. These claims are brought against the City of New York, not the individual defendants. Under New York law, an employer—including a municipal corporation such as the City of New York—is responsible for the tortious conduct of its employees, including police officers, if their conduct is in furtherance of the employer's business and is generally within the scope of the employee's authority. An act is within the scope of the employee's authority if it is performed while the employee is engaged generally in the performance of his or her assigned duties and the act is reasonably incidental to the employment. The employer need not have authorized the specific act in question.

Here, the City does not dispute that the actions of the officers involved in the May 7, 2012 incident were in furtherance of the City's business and were within the scope of the officers' employment. Therefore, if plaintiffs demonstrate, by a preponderance of the evidence, that they were subjected to assault or battery by a police officer, then the City is liable.

17

1. *Assault and Battery by Police Officers*

In order to succeed on an assault or battery claim against a police officer, a plaintiff must first demonstrate that the police officer used excessive force. The standard for determining whether a police officer used excessive force for purposes of an assault or battery claim is the same standard for excessive force that applies under the Fourth Amendment. If you find that the individual defendants or any other police officer used excessive force—as I have defined that term—you may then go on to consider whether Edgar Soto, Jr. and Flora Soto have established the other elements of state law assault or battery. If you conclude that the plaintiffs have not demonstrated that the officers in question used excessive force, then you must return a verdict in favor of the City on the assault and battery claims.

2. *Assault*

An assault is the intentional placing of another person in apprehension of imminent harmful or offensive contact. Edgar Soto, Jr. and Flora Soto must prove by a preponderance of the evidence that the individual defendants or other police officers intentionally took actions that put them in fear that the officers were about to engage in bodily contact harmful or offensive to them. In order to commit an assault, the officers in question must have had the real or apparent ability to bring about that harmful or offensive bodily contact. Ordinarily, threatening words without some action are not enough to constitute an assault. There must be some menacing act or gesture that causes the plaintiff to believe that a harmful or offensive bodily contact is about to occur. It is not necessary that any contact actually occur.

I used the word "intentionally" in defining an assault. Intent involves the state of mind with which an act is done. If a person acts voluntarily with a desire to bring about a result, he or she is said to have intended that result.

### 3. Battery

A person who intentionally touches another person—without that person's consent—and thereby causes an offensive bodily contact, commits battery.

As I have explained, intent involves the state of mind with which an act is done. As to their battery claims, Edgar Soto, Jr. and Flora Soto must prove that the police officers in question had the intent to cause a bodily contact that a reasonable person would find offensive. An offensive bodily contact is one that is done for the purpose of harming another or one that offends a reasonable sense of personal dignity, or one that is otherwise wrongful.

### 4. Transferred Intent

A person who engages in the intentional tortious conduct underlying assault and battery will be held civilly liable if his or her acts, although aimed at one person, directly affect a third party. This notion of "transferred intent" provides that a defendant who formulates the intent to frighten or strike a person is still liable if he or she misses and strikes a third party.

## D. **Damages**

I will now instruct you on the law for measuring damages.

The fact that I am instructing you as to the proper measure of damages does not indicate any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance only in the event that you should find in favor of the plaintiffs in accordance with my other instructions.

If you do find that damages should be awarded, you should not take into consideration attorneys' fees or court costs, which will be decided by the Court. If you make any award of damages, such award is not subject to federal income taxes and you should not consider such taxes in determining the amount of damages, if any.

The verdict form I will give you will assist you in recording the determinations, if any, that you make as to damages.

*1.    Compensatory Damages or Nominal Damages*

If you find in favor of Edgar Soto, Jr. or Flora Soto on any of their claims, then you must determine an amount that is fair compensation for their injuries. This type of damages is known as "compensatory damages." You may award compensatory damages only for injuries that Edgar Soto, Jr. and Flora Soto proved were caused by a defendant's wrongful conduct. The damages that you award must be fair compensation—no more and no less—for the loss, if any, which resulted from the defendants' wrongful conduct. The purpose of these damages is to make the plaintiffs whole—to put them in the same position that they would have been in had there been no violation of their rights. The purpose is not to punish the defendants.

Compensatory damages may also cover any mental anguish or emotional suffering that you find a plaintiff to have suffered as a result of any impermissible conduct by defendants. Keep in mind that in order to recover damages for mental anguish or emotional suffering, a plaintiff must present credible evidence with respect to his or her suffering and corroboration that defendants' impermissible conduct *caused* this suffering. To satisfy the requirement, plaintiffs do not need to provide evidence from a medical expert.

There is no exact standard for determining the precise amount of damages for mental anguish or emotional suffering. An award you make must be fair and reasonable in light of the evidence at trial. An award must not be based only on speculation or sympathy.

Although there are multiple defendants in this case, it does not follow that if you find one to be liable, they all are liable. Each defendant is entitled to fair, separate and individual consideration of the case against him on each claim, without regard to your decision as to the

20

other defendants and the other claims. If you decide that two or more of the defendants are liable on a particular claim, then you must simply determine the overall amount of damages for which they are liable on that claim, without breaking that figure down into individual percentages.

Alternatively, you may award "nominal damages." Nominal damages are awarded as recognition that a plaintiff's rights have been violated. If you find after considering all the evidence presented, that, with respect to any claim, a plaintiff's rights were violated, but that the plaintiff has failed to prove by a preponderance of the evidence that he or she suffered any actual damages as a result of the violation, you must award the plaintiff nominal damages.

You may also award nominal damages if you find that both justified and unjustified force were used, and that the plaintiff suffered injuries that resulted only from the justified use of force. You may also award nominal damages, if, upon finding that some injury resulted from the deprivation of the plaintiff's rights, you find that you are unable to compute monetary damages except by engaging in pure speculation and guessing. You may not award both nominal and other damages to the plaintiffs for a violation of Section 1983 or assault or battery. Either they *experienced actual damages*, in which case you must award damages, or else they did *not experience actual damages*, in which case you must award nominal damages. Nominal damages may only be awarded for a token sum, not to exceed one dollar.

   2.   *Punitive Damages*

In addition to compensatory or nominal damages, if you find in favor of Edgar Soto, Jr. or Flora Soto in connection with their Section 1983 claims, you may choose to make a separate and additional award of punitive damages.

Punitive damages are awarded, in the discretion of the jury, to punish a defendant for extreme or outrageous conduct, and to deter or prevent a defendant and others like him from committing such conduct in the future.

You may award punitive damages if you find that the acts or omissions of the individual defendants were done maliciously or wantonly. An act or failure to act is maliciously done if it is prompted by ill will or spite towards the injured person. An act or failure to act is wanton if done with a reckless or callous disregard for the rights of the injured person. The plaintiffs have the burden of proving, by a preponderance of the evidence, that the individual defendants acted maliciously or wantonly with regard to the plaintiffs' rights.

If you find by a preponderance of the evidence that the individual defendants acted with malicious intent to violate the plaintiffs' federal rights, or if you find that the individual defendants acted with a callous or reckless disregard of the plaintiffs' rights, then you may award punitive damages. An award of punitive damages, however, is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

In making this decision, you should consider the underlying purpose of punitive damages. Punitive damages are awarded in the jury's discretion to punish a defendant for outrageous conduct or to deter him and others like him from performing similar conduct in the future. Thus, in deciding whether to award punitive damages, you should consider whether the individual defendants may be adequately punished by an award of actual damages only, or whether the conduct is so extreme and outrageous that actual damages are inadequate to punish the wrongful conduct. You should also consider whether actual damages, standing alone, are likely to deter or prevent these defendants from similar wrongful conduct in the future, if it was in fact wrongful,

22

or whether punitive damages are necessary to provide deterrence. Finally, you should consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those the individual defendants may have committed.

If you decide to award punitive damages, these same purposes should be kept in mind as you determine the appropriate sum of money to be awarded as punitive damages. That is, in fixing the sum to be awarded, you should consider the degree to which the defendants should be punished for their wrongful conduct, and the degree to which an award of one sum or another will deter the defendants or persons like them from committing wrongful acts in the future.

### 3.  *Loss of Consortium*

Edgar Soto, Sr.'s claim is for loss of consortium, a derivative state law claim. If you find that Flora Soto is entitled to recover from the City for assault or battery, you may also award Edgar Soto, Sr. damages for loss of his spouse's services and society. Loss of society includes the loss of the benefits of love, companionship, affection and sexual relations of a spouse as a result of some injury to the spouse. It does not include the claiming spouse's lost wages or earnings. In determining the amount to award for loss of consortium, you may take into consideration the nature and extent of Ms. Soto's society with her husband prior to her injuries, and the extent to which any injuries that she sustained prevented her from providing such society after she was injured. The damages that you award to Edgar Soto, Sr., if any, must be fair and reasonable. You should not award damages for speculative injuries, but only for injuries that Edgar Soto, Sr. proved he actually suffered as a result of the defendants' actions.

## DELIBERATIONS OF THE JURY

### A.    Right to See Exhibits and Hear Testimony; Communication with the Court

Ladies and gentlemen of the jury, that concludes the substantive portion of my instructions to you. You are about to go into the jury room and begin your deliberations. All of the exhibits admitted into evidence will be sent to the jury room with you. If you want any of the testimony read, you may request that. Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can be in requesting portions of the testimony. If you want any further explanation of the law as I have explained it to you, you may also request that.

Your requests for testimony—in fact any communications with the Court—should be made to me in writing, signed, dated, and timed by your foreperson, and given to one of the marshals. In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached and announced in open court by your foreperson.

### B.    Notes

Some of you have taken notes periodically throughout this trial. I want to emphasize to you, as you are about to begin your deliberations, that notes are simply an aid to memory. Notes that any of you may have made may not be given any greater weight or influence than the recollections or impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence. All jurors' recollections are equal. If you can't agree on what you remember the testimony was, you can ask to have the transcript read back.

## C.    Duty to Deliberate; Unanimous Verdict

You will now retire to decide the case. You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged on your oath as jurors to follow the law as I instruct you, whether you agree or disagree with the particular law in question.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors. No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

Remember at all times, you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

If you are divided, do *not* report how the vote stands and if you have reached a verdict do not report what it is until you are asked in open court.

## D.    Verdict Form

I have prepared a verdict form for you to use in recording your decisions. You should answer every question except where the verdict form indicates otherwise. You should also proceed through the questions in the order in which they are listed.

## E.    Duties of Foreperson

You should by your own vote select one of you to sit as your foreperson. The foreperson doesn't have any more power or authority than any other juror, and his or her vote or opinion doesn't count for any more than any other juror's vote or opinion. The foreperson is merely your spokesperson to the court. He or she will send out any notes, and when the jury has reached a verdict, he or she will notify the marshal that the jury has reached a verdict, and you will come into open court and give the verdict.

## F.    Return of Verdict

After you have reached a verdict, your foreperson will fill in the form that has been given to you, you will all sign and date it, and your foreperson will advise the marshal outside your door that you are ready to return to the courtroom.

I will stress that each of you must be in agreement with the verdict which is announced in court. Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

## CONCLUSION

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors, if you apply your own common sense, and follow my instructions on the law, you will reach a fair verdict here.